WALDEN, Judge.
Willie Davis Gregory was convicted of aggravated assault. This conviction was nullified upon a determination that Gregory’s request for a public defender was wrongfully denied, resulting in Gregory’s representing himself. By the time this procedure was completed, Gregory had completed serving his three-year sentence. Regardless, the state brought him to trial again upon the same charge.
At the second trial, the victim was unable to testify because of a medical condition. In order for the state to prove the issue that the victim was put in fear or apprehension of imminent violence (a necessary element of the crime), the state, over objection, read into evidence the victim’s testimony given at the first trial. As stated, Gregory had no lawyer at the first trial and now his court-appointed lawyer had no way to cross-examine the victim or test his credibility.
Gregory’s trial counsel elected not to read into evidence any of the cross-examination conducted by Gregory at the first trial because it would be prejudicial.
The jury found Gregory guilty of the lesser included offense of assault. He was sentenced to time served. He appeals. We reverse and remand for a new trial.
The state candidly concedes that the introduction of the victim’s earlier testimony at retrial was improper and constituted a violation of Gregory’s Sixth Amendment rights. However, the state urges that the error was harmless, based on the testimony of the victim’s wife and son. We disagree because their testimony, in our judgment, does not establish that the victim, himself, was in fear when the incident occurred. Further, forasmuch as we know, the victim, had he personally testified at the retrial and been made subject to cross-examination, may have recanted his earlier testimony concerning fear. Also, skilled cross-examination may have destroyed his credi *74 bility so that the jury could have chosen to disbelieve the victim.
In short, the error here is the same and just as prejudicial as it was when the first conviction was set aside. We reverse upon authority of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).
REVERSED AND REMANDED.
DELL and WARNER, JJ., concur.